IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-284-BO

| | |
|---|---|
| JREFFREY REINHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 19 & 21]. A hearing on this matter was held in Elizabeth City, North Carolina on May 30, 2013. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Administrative Law Judge is REVERSED.

## BACKGROUND

Plaintiff protectively filed for benefits under Title II and Title XVI of the Social Security Act on December 2, 2004. The plaintiff alleged a disability onset date of July 23, 2004. Plaintiff Jeffrey Reinhard suffers from degenerative disc disease of the lumbar and cervical spine and carpal tunnel syndrome. His application for benefits was denied initially and upon reconsideration. Mr. Reinhard requested an administrative hearing and on June 25, 2007 such a hearing was held before an Administrative Law Judge (ALJ). On August 11, 2007 ALJ Richard Perlowski denied the plaintiffs claim. The plaintiff sought review of the ALJ's decision by the Appeals Council, but that request was denied. On June 11, 2008, the plaintiff appealed the ALJ's decision to this Court and this Court remanded the matter on January 14, 2009. On September

1

23, 2009, the Appeals Council returned this matter to ALJ Perlowksi with specific directives pursuant to this Court's remand. ALJ Perlowski held a hearing on March 5, 2010 and issued another denial of the plaintiff's application for benefits on May 19, 2010. The Appeals Council refused review of this denial on May 4, 2010 making the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Plaintiff suffers from severe lower back pain and carpal tunnel syndrome. Prior to becoming disabled, the plaintiff maintained complete quarters of coverage beginning in 1997 when he was just 16. Mr. Reinhard has gone through extensive treatment for his back pain, but it persists. Among his treatments was a directive to use a cane as needed to reduce right knee pain, swelling, and locking. [Tr. 618-22]. Mr. Reinhard testified that he used this cane at all times except on the short trip from his bedroom to the bathroom. Mr. Reinhard also has severe carpal tunnel syndrome. In 2007, the claimant's pain worsened and a positive Tinel's sign was observed by his doctor. [Tr. 514-16]. By October, 2008, he was still experiencing pain and had numbness in his right thumb and severe pain in three fingers on his left hand. This pain and numbness manifests in the claimant's inability to manipulate small objects with his fingers and his propensity to drop things. [Tr. 637-41]. Mr. Reinhard has testified that he wears his wrist splints at all times except when he is showering or washing the dishes. [Tr. 653].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g);

2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by concluding at step five that the plaintiff is capable of performing work other than his past relevant work. This Court has held that the ALJ's RFC assessment is

3

inadequate unless it includes both the presence and nature of specific limitations and restrictions and an explanation of how the relevant evidence was considered in the assessment. *Sawyer v. Astrue*, 775 F.Supp.2d 829, 835 (E.D.N.C. 2011) (citing SSR 96-9p, 1996 WL 374185). The RFC must always consider and address medical source opinions. If the RFC assessment is in conflict with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184. Under that rule, the ALJ must build a "logical bridge" between his conclusion and the evidence presented and must explain his reasons for discounting contrary pieces of evidence. *See Lane-Rauth v. Barnhart*, 437 F.Supp.2d 63, 67 (D.D.C. 2006). Accordingly, a decision that merely includes a comprehensive medical history and a series of conclusions is not sufficient. *Id.; See also Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). Further, when relying on the testimony of a vocational expert the ALJ must provide facts that paint a full picture of the claimant's disability. In other words, the ALJ cannot pick and choose what information he will present to the vocational expert in order to present a hypothetical that is favorable to his predetermined conclusion. *See Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).

ALJ Perlowski failed to include several limitations in the plaintiff's RFC, including the claimant's use of a cane and wrist splints. In excluding these limitations the ALJ failed to build a logical bridge between the claimant's alleged symptoms and limitations and the ALJ's RFC determination. As such, the ALJ's RFC and the hypothetical subsequently presented to the vocational expert were incomplete. Because the ALJ failed to present all the claimant's limitations to the vocational expert his finding that the claimant is able to perform work other than his past relevant work is not supported by substantial evidence. As such, it is appropriate to remand this matter for an award of benefits to Mr. Reinhard.

4

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED.

This  2  day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE